## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| HOWARD TERRELL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. H-05-4141 |
| | § | |
| MICHAEL J. ASTRUE, Commissioner | § | |
| of the Social Security Administration, | § | |
| | § | |
| *Defendant.* | § | |

### MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Howard Terrell's ("Terrell") Petition for Attorney's Fees brought pursuant to the Equal Access to Justice Act (" EAJA"), 28 U.S.C. § 2412. *See* Docket Entry No. 26. Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, it is recommended that Plaintiff's petition (Docket Entry No. 26) be granted.

### I.      Background

As a consequence of filing suit seeking judicial review of the denial of a claim for social security benefits, Plaintiff successfully obtained the remand of the request for social security benefits. *See* Docket Entry Nos. 24, 25. Plaintiff now timely seeks a total award of four thousand eight hundred dollars ($4,800.00), which includes 32.00 hours of work performed by counsel at the rate of one hundred fifty dollars ($150.00) per hour. *See* Plaintiff's Petition for Attorney Fees, Affidavit of Mary Ellen Felps, and Exh. A (billing statement) at Docket Entry No. 26. Plaintiff's attorney contends that the requested fees reflect legal work reasonably and necessarily expended on Plaintiff's behalf. *See id.* Plaintiff's counsel represents that the Commissioner does not oppose the fees requested. *See id.*

## II.    Analysis

The EAJA provides for attorney's fees in certain successful cases brought against the United States, including any agency (*e.g.,* the Social Security Administration) or official of the United States. Section 2412(d) of the EAJA states that

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  "[T]he specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions." *Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 163-64 (1990); *see also Squires-Allman v. Callahan*, 117 F.3d 918, 921 (5th Cir. 1997) (the purpose of the EAJA is to encourage private litigants to seek review of unreasonable government conduct or to vindicate their rights by challenging agency actions they would otherwise comply with to avoid litigation costs); *Baker v. Bowen*, 839 F.2d 1075, 1082 (5thCir. 1988) ("[s]ection 2412(d) serves a dual purpose: to ensure adequate representation for those who need it *and* to minimize the costs of this representation to taxpayers").  Fees under the EAJA penalize the Commissioner for assuming an unjustified legal position and, as such, are paid out of agency funds.[1] *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994).

The EAJA requires the court to award reasonable attorney's fees when the Commissioner's position in the action was not "substantially justified."  *See* 28 U.S.C. § 2412(d)(1)(A).  An award of attorney's fees under 28 U.S.C. § 2412 is to be based upon the prevailing market rate for the kind and

---

[2]  In contrast, fees under 42 U.S.C. § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits.  *See Orner,* 30 F.3d at 1309.

2

quality of the services furnished.  *See* 28 U.S.C. § 2412(d)(1)(A); *see also Hall v. Shalala*, 50 F.3d 367, 368 (5th Cir. 1995).  There are two exceptions to this general rule.  A court may award fees in excess of the statutory limit if it determines that an increase in the cost of living merits such an increase, or in the presence of a special factor,[2] such as the limited availability of qualified attorneys for the proceedings involved.  *See* 28 U.S.C. § 2412(d)(2)(A)(ii).

It is Plaintiff's burden to prove either an increase in the cost of living or a special factor.  *See Hall*, 50 F.3d at 368; 28 U.S.C. § 2412(d)(2)(A).  District courts in Texas routinely allow cost of living adjustments.  *See Brannen v. Barnhart*, No. 1:99-CV-325, 2004 WL 1737443, at *3 & n.6 (E.D. Tex. July 22, 2004) (citations omitted).  In determining an EAJA cost of living adjustment, the Fifth Circuit has approved the use of the United States Department of Labor's Consumer Price Index for all Urban Consumers ("CPI-U").  *See Perales v. Casillas*, 950 F.2d 1066, 1074 (5th Cir. 1992); *Bode v. United States*, 919 F.2d 1044, 1052 n.8 (5th Cir. 1990); *see generally Baker*, 839 F.2d at 1082-84 (except in unusual circumstances, if there is a significant increase in the cost of living that would justify an increase in the fee, the increase should be granted even though the ultimate award does not track the cost-of-living index for the geographical area).

Plaintiff requests EAJA fees in the amount of $4,800.00, which includes 32.00 hours multiplied by $150.00 per hour.  *See* Docket Entry No. 26.  As exhibits to his motion, Plaintiff submitted his attorney's affidavit and itemized billing statement.  *See id.*  Plaintiff has made an unrebutted showing that he is the prevailing party in the matter.  Furthermore, the Commissioner has neither asserted that his position was substantially justified, as he has failed to demonstrate that the agency's actions in

---

[3]  The presence of novel or time-consuming issues, or the need for an unusual level of legal expertise are *not* special factors that may be used to determine whether the EAJA rate should be increased over the statutory cap.  *See Pierce v. Underwood*, 487 U.S. 552, 573 (1988).

denying the requested benefits had a reasonable basis in law or fact, nor has the Commissioner established that special circumstances exist that would render the award of requested attorney's fees unjust.  *See Davidson*, 317 F.3d at 506; *Sims*, 238 F.3d at 602; *United States v. Truesdale*, 211 F.3d 898, 908 (5th Cir. 2000); *Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 231 & n.1 (5th Cir. 2000).  After assessing the request for attorney's fees in light of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), it is determined that Plaintiff's request for attorney's fees is warranted.

Moreover, Plaintiff's counsel seeks an hourly rate of $150.00 for services performed, reflecting a cost of living increase from the statutory ceiling of $125.00 (effective March 1996) to present day. *See* Docket Entry No. 26.  The Commissioner does not refute Plaintiff's request for the cost of living increases or the applicability of such an enhancement to the case at bar.  Thus, the Court finds that an increase from the EAJA statutory cap to a rate of $150.00 per hour is warranted.

## III.   Conclusion

It is, therefore,

**ORDERED** that Plaintiff's Petition for Attorney Fees (Docket Entry No. 26) is **GRANTED**. It is further

**ORDERED** that within sixty (60) days of the entry of this Memorandum and Order, the Commissioner is to pay Mary Ellen Felps, counsel for Terrell, four thousand eight hundred dollars ($4,800.00), as this amount is found to be the reasonable and necessary attorney's fees incurred on behalf of Terrell in this matter.

4

**SIGNED** at Houston, Texas on this 19th day of April, 2007.

Calvin Botley
United States Magistrate Judge